OPINION
{¶ 1} The defendant-appellant, Jennifer L. Weaks ("Weaks"), appeals the March 8, 2006 Judgments of conviction and sentence entered in the Common Pleas Court of Hancock County, Ohio.
 {¶ 2} This appeal arises from two cases instituted in the Common Pleas Court of Hancock County, Ohio. In Case Number 2005-CR-77, Weaks was arrested for possession of cocaine. On April 3, 2005, Weaks was indicted by the Hancock County Grand Jury on one count of knowingly possessing a controlled substance in violation of R.C. 2925.11(A), a felony of the fourth degree. On June 27, 2005, Weaks advised the court that she did not wish to tender a change of plea and her attorney requested leave of the court to consider filing a motion to suppress.
 {¶ 3} On July 12, 2005, a second indictment was filed against Weaks instituting Case Number 2005-CR-143. Weaks was indicted by the Hancock County Grand Jury on four counts of knowingly selling a controlled substance in violation of R.C. 2925.03(A). Two of the counts were charged as felonies of the fourth degree, and two counts were charged as felonies of the third degree. Two of the counts were committed within one thousand feet of the boundaries of school premises.
 {¶ 4} On November 16, 2005, the State of Ohio filed a motion requesting that Case Number 2005-CR-77 and Case Number 2005-CR-143 be consolidated for trial. As a result of the motion, the trial court ordered on December 12, 2005 that the two cases be consolidated for trial. On January 20, 2006, Weaks' counsel filed a motion to continue claiming Weaks failed to cooperate with him in order to prepare for trial. Counsel also filed a motion to challenge the competency of Weaks because he was concerned that his client was making "bizarre assertions."
 {¶ 5} On January 23, 2006, Weaks decided she did not wish to proceed to trial opting instead to enter into a negotiated plea resolution. Weaks plead guilty to the offenses in both cases. On March 8, 2006, the trial court sentenced Weaks to a prison term of four years and ten months.
 {¶ 6} On April 14, 2006, Weaks filed her notice of appeal raising the following assignments of error:
 First Assignment of Error THE COURT ERRED IN ACCEPTING APPELLANT'S PLEA OF GUILTY, SINCEIT WAS NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.
 Second Assignment of Error APPELLANT WAS DENIED HER CONSTITUTIONAL [RIGHT OF] EFFECTIVEASSISTANCE OF COUNSEL.
 {¶ 7} Weaks asserts in her first assignment of error that the trial court erred in accepting her guilty plea because it was not made knowingly, intelligently, and voluntarily.
 {¶ 8} Crim. R. 11 (C) states:
(2) In felony cases the court may refuse to accept a plea ofguilty or a plea of no contest, and shall not accept a plea ofguilty or no contest without first addressing the defendantpersonally and doing all of the following:
 (a.) Determining that the defendant is making the pleavoluntarily, with understanding of the nature of the charges andof the maximum penalty involved, and, if applicable, that thedefendant is not eligible for probation or for the imposition ofcommunity control sanctions at the sentencing hearing.
 (b.) Informing the defendant of and determining that thedefendant understands the effect of the plea of guilty or nocontest, and that the court, upon acceptance of the plea, mayproceed with judgment and sentence.
 (c.) Informing the defendant and determining that thedefendant understands that by the plea the defendant is waivingthe rights to jury trial, to confront witnesses against him orher, to have compulsory process for obtaining witnesses in thedefendant's favor, and to require the state to prove thedefendant's guilt beyond a reasonable doubt at a trial at whichthe defendant cannot be compelled to testify against himself orherself.
 {¶ 9} Weaks was properly advised under Crim. R. 11 in the instant case. The record establishes that Crim. R. 11(C)(2)(a) has been satisfied. The trial court personally addressed Weaks regarding her pleas of guilty in accordance with Crim. R. 11(C)(2). Weaks responded that she did understand the nature of the charges. The trial court also informed Weaks of the maximum penalty. Furthermore, the trial court stated that Weaks would not be eligible for judicial release until she served her mandatory term.
 {¶ 10} With respect to Crim. R. 11(C)(2)(b), the record states:
Court: * * * And the first thing I want to make sure youunderstand is that you have pled not guilty before and now youare going to change your plea to guilty; is that correct?
 Defendant: Yes.
 Court: Do you understand that when you change your plea andsay to a judge, I am guilty, you are saying in effect, judge, Idid these things?
January 23, 2006 Trans. p. 56.
Court: Have you had enough time to think about this importantdecision?
 Defendant: I believe so.
* * *
Court: Are you certain you want to go forward today?
 Defendant: Yes.
* * *
Court: Do you understand you are pleading guilty, you areadmitting to committing these offenses?
 Defendant: Yes. Yeah.
 Court: If you have any doubts and don't think you are guilty,I am not going to coerce you into changing your mind, that's yourdecision. You want to go forward and enter your changes of pleathis morning or actually this afternoon now?
 Defendant: Yeah. Yes.
January 23, 2006 Trans. p. 79-82.
Court: [T]he Court has inquired extensively of Miss Weaksrelative to her understanding of these proceedings. Sheunderstands the nature of all five offenses, we reviewed thepotential penalties, we talked about the Court's sentencingoptions, she understands the consequences of pleading guilty. Sheunderstands that she's losing certain constitutional rights whichwe reviewed extensively as well.
 She understands the recommendations. She understands theconsequences of that recommendation, the amount of time she mustdo, and her eligibility with respect to judicial release. Wereviewed a number of matters as well relative to post-releasecontrol and her right to an appeal, potential for communitycontrol, and the fact that there is no guarantee at sentencingupon entering a plea.
 In all respects from my examination of Miss Weaks, I believethat after a discussion with Mr. Galose, a review of her pleaagreements, her discussion here in open court, that she is makinga knowing, voluntary and intelligent decision to withdraw herpleas of not guilty and tender pleas of guilty.
 Therefore, as it relates to case 2005-CR-77, I will accept herchange of plea, and I will order that that be accepted, and basedupon my findings I find her guilty of the offense of possessioncocaine, a felony of the fourth degree, in violation of Section2925.11 of the Revised Code.
 As it relates to Case 2005-CR-143, moreover the Court makesthe same findings, and I will permit Miss Weaks to withdraw herpleas of not guilty, I will accept her pleas of guilty and findher guilty of each of the four offenses of trafficking in cocaineas set forth in the indictment. * * *
 Having then found the Defendant guilty of each five of theoffenses, I do agree while there is a recommendation of, apresentence investigation would be appropriate, I do so order apresentence investigation in this matter.
January 23, 2006 Trans. p. 95-97.
 {¶ 11} Pursuant to Crim. R. 11(C)(2)(c), the record states:
Court: * * * And the first thing I want to make sure youunderstand is that you have pled not guilty before and now youare going to change your plea to guilty; is that correct?
 Defendant: Yes.
 Court: Do you understand that when you change your plea andsay to a judge, I am guilty, you are saying in effect, judge, Idid these things?
* * *
Court: The other thing I want to make sure you understand asit pertains to both of these cases that are consolidated fortrial today has to do with losing your right to a trial by jury.If you plead guilty today, you are not going to have a trial. Doyou understand?
 Defendant: Yes.
* * *
Court: With respect to your right to trial by jury, I want tomake sure you understand how this system works. If we go to trialyou are presumed innocent. And by that I mean you do not have toprove yourself innocent, Mr. Miller has the burden through hisoffice to prove your guilt. Do you understand the difference?That is a yes?
 Defendant: Yes.
 Court: And he has to prove it to a level called beyond areasonable doubt, a high threshold of evidence that he has toprove at that trial; do you understand that?
 Defendant: Yes.
 Court: If we go to trial, Mr. Miller will present evidence,Mr. Galose can challenge the evidence, cross examine thewitnesses the State calls, and even on your behalf make surethere are witnesses here to testify for you. Do you understandthese rights?
 Defendant: Yes.
 Court: You do not have to testify. You cannot be forced totake the witness stand, nor can your silence if you were to go totrial and not testify be used against you; do you understandthat?
 Defendant: Yes.
 Court: You have the right to testify if you want but only youcan make that decision. Do you understand that importantdistinction?
 Defendant: Yes.
January 23, 2006 Trans. p. 56-63.
 {¶ 12} In sum, the record establishes that Crim. R. 11(C)(2) has been satisfied. Moreover, the record indicates that the trial court inquired extensively of Weaks understanding of the proceedings, her rights and the effect of entering a guilty plea. Based on this record, it is our conclusion that Weaks was properly advised under Crim. R. 11 and that the pleas were knowingly, intelligently and voluntarily entered. Accordingly, Weaks' first assignment of error is overruled.
 {¶ 13} Weaks alleges in her second assignment of error that she was denied effective assistance of counsel. Specifically, she claims that her change of plea from not guilty to guilty on the morning of the trial was not made knowingly, intelligently, or voluntarily. Furthermore, she argues that she and her counsel did not meet for a sufficient period of time to prepare for her case, her counsel did not provide her with the knowledge necessary to enter into trial or the plea discussions, and her counsel did not take the opportunity to respond to the State's motion for consolidation of the two cases.
 {¶ 14} In order to prevail on a claim of ineffective assistance of counsel, Weaks must establish both of the following:
1. Trial counsel made errors so serious he was no longerfunctioning as counsel in the manner guaranteed by the SixthAmendment; and
 2. There is the reasonable probability that were it not fortrial counsel's errors, the results of the trial would have beendifferent.
See Strickland v. Washington (1984), 466 U.S. 668; State v.Bradley (1989), 42 Ohio St.3d 136. Thus, under this standard, Weaks must show that her counsel's performance fell below an objective standard of reasonable representation and that prejudice arose from that deficient performance. Bradley,42 Ohio St.3d at 142. Furthermore, the court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance. State v. Malone (Dec. 13, 1989), Montgomery App. No. 10564.
 {¶ 15} In this case, the record establishes that there were several pretrial conferences regarding Weaks' two cases. Her counsel did meet with Weaks on these occasions and followed her instructions to schedule the matters for a change of plea, to file a motion for continuing the case, and establishing the trial dates. Her counsel arranged to meet with her on Saturday before the trial; however, she failed to keep this appointment.
 {¶ 16} It is evident Weaks failed to maintain proper communications with her attorney. In fact, at one point she left a meeting with her attorney to move her car and never returned to his office. She further complained that her attorney failed to ensure he had her correct mailing address. However, she failed to assume her responsibility for her criminal case because it was her responsibility to keep her attorney informed of any change of address.
 {¶ 17} Pursuant to the January 23, 2006 plea hearing, Weaks and her counsel stated the following in open court, in response to inquiry from the trial judge:
Galose: Your Honor, as an officer of the Court, I listened tothe CD's, I spent the entire weekend just about all day Sundayand the afternoon Saturday. I reviewed the discovery. I havereviewed the witnesses the State would call, I have reviewedimpeachment evidence and I am prepared to go forward, but Ibelieve that some time has to be spent with my client to discusslegal ramifications of potential outcomes of any trial, that'swhy time is necessary to meet with them the week of trial.
* * *
Court: Miss Weaks, why didn't you meet with Mr. Galose onSaturday to prepare for trial?
 Defendant: I don't know. Because if you listen to the tapes Iheard the tapes. I heard the tapes.
* * *
Court: Did he or did he not tell you to be in his office?
 Defendant: If I could make it there at 5, I said, yes, I wouldmake it. I couldn't make it, I was out of town, I didn't make itdown here because he wanted to talk about the tapes.
 Court: Why didn't you make it down?
 Defendant: Because it seems the same, every time I go downthere the only thing they're telling me, the witness is going tobe there, Kim is going to be there. You know, it's the same oldthing. I sat in jail for four hours listening four hours worth ofnothing on the tapes.
 Court: In other words you didn't see any benefit to it, youare otherwise prepared to go to trial?
* * *
Court: And so you elected not to appear with Mr. Galosebecause you didn't see a benefit in assisting him in preparingfor the trial for today if I understand what you said. Becauseyou have been through these matters with him before, you thoughtit would be a repetition of what we talked about previously.
 Defendant: Yes.
January 23, 2006 Trans. p. 13-19. Furthermore, Weaks was asked
Court: Now, do you, are you satisfied with the advice andcounsel that his office has provided you?
 Defendant: Yes, I am.
January 23, 2006 Trans. p. 56.
 {¶ 18} Weaks also contends that her counsel failed to object to the consolidation of her cases. Her counsel did make a motion to sever the cases during the plea hearing and explained that he had been unable to timely respond to the consolidation motion because he had been on vacation. However, Weaks fails to show that the outcome of her case would have been different, but for this alleged error. Furthermore, the trial court stated:
Court: Moreover, on the merits, I looked at both of thesecases, while I know that joinder is favored in the law to saveresources and the like, I am very diligent in and don't grantmuch of these motions for consolidation. In reviewing these twocases, we are talking about four alleged trafficking cases andone possession case. We are talking about the same substance, weare talking about similar elements of the offense in terms ofculpable mental states and, which are all critical elements ofthis offense. The one difference, of course, is the conduct as towhether a person possesses or is involved in the sale of drugs.
 And on balance, given it's one additional case to four others,I didn't see that there was substantial prejudice one weighedagainst the other or benefits so I joined and I still feel theDefendant would not be unfairly prejudiced.
 {¶ 19} Finally, Weaks alleges that her counsel should have filed a more timely request to have her competence evaluated. Her counsel did request a continuance on January 23, 2006 to determine Weaks competency because he noticed through her inaction to appear to two scheduled meetings with him, one on January 20, 2006 and the other on January 21, 2006, that she was behaving "eratically." Her counsel did request to have her competency evaluated on the first possible day after noticing her behavior which shows that he did request her competency be evaluated in a timely manner.
 {¶ 20} Upon review of the record, it is our conclusion that the evidence in this case does not establish that Weaks' counsel provided ineffective assistance of counsel. The actions taken by Weaks' counsel does not fall below an objective standard of reasonable representation. Nor, in this case, did they create any reasonable probability of a different outcome. Therefore, Weaks' second assignment of error is overruled.
 {¶ 21} Accordingly, Weaks' assignments of error are overruled and the March 8, 2006 Judgments of conviction and sentence entered in the Common Pleas Court of Hancock County, Ohio are affirmed.
Judgments affirmed.
 Bryant, P.J., and Cupp, J., concur.